UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDDIE G. JONES, | ) |
| | ) |
| Plaintiff, | ) No. 3:12-cv-00918 |
| | ) Judge Sharp |
| v. | ) |
| | ) |
| DARON HALL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, an inmate at the Warren County Jail in Bowling Green, Kentucky, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983,[1] alleging that the defendants have destroyed or delayed his outgoing legal mail in an effort to thwart his effort to sue those persons responsible for the plaintiff's alleged unjust confinement. (Docket No. 1). The plaintiff seeks compensatory and punitive damages. (*Id*. at p. 2).

**I. Motion for Appointment of Counsel**

The plaintiff has filed a motion for appointment of counsel. (Docket No. 3). The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). As the Plaintiff recognizes, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.,* No. 91-

---

[1] The plaintiff asserts supplemental state law claims in his amended complaint including, but not limited to, false imprisonment and slander. (Docket No. 4).

1

5759, 947 F.2d 947 (6th Cir. 1991)(citing *Willett* favorably).

The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). In this instance, the plaintiff has not described any exceptional circumstances warranting the appointment of counsel. Therefore, the motion will be denied.

## II. PLRA Review of the Complaint

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## III. Section 1983 Conditions of Confinement Allegations

The complaint alleges two types of claims: conditions of confinement claims and challenges to the plaintiff's confinement.

2

To state a claim under § 1983 based on alleged unconstitutional conditions of confinement, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The complaint alleges that, on several occasions, the plaintiff's outgoing legal mail has been wholly or partially lost, delayed, or even destroyed by the defendants. (Docket No. 1 at pp. 1-2). However, the plaintiff has not alleged that he suffered any prejudice or injury as a result of the defendants' actions. His lawsuit eventually was filed. The Sixth Circuit has repeatedly found, under similar circumstances, that inmates have failed to state a claim for denial of access to courts based on prison officials' alleged delay in processing outgoing legal mail. *See, e.g. Smith v. Campbell*, 2004 WL 2316658, at *2 (6th Cir. Sept.23, 2004) (holding that state prison official did not violate inmate's right of access to courts by withholding item of legal mail for 25 days where the inmate did not explain what the case was about or indicate that it involved his conviction or confinement); *Truss–El v. Bouchard*, 2004 WL 1447653, at *2 (6th Cir. June 18, 2004) (finding inmate had no claim against prison officials based on alleged interference with his legal mail where he did not demonstrate any prejudice to pending or contemplated litigation); *Smith–El v. Steward*, 2002 WL 193931, at *2 (6th Cir. Feb. 6, 2002) (finding inmate failed to state claim for denial of access to courts where he did not establish that he was prejudiced by prison officials' delay in mailing his legal work).

3

To the extent the plaintiff is also raising a claim based on his First Amendment right to send mail, that claim is also without merit and subject to summary dismissal under § 1915A. While prisoners have a "First Amendment right to send mail," *Rodgers v. Hawley*, 2001 WL 798618, at *2 (6th Cir. June 22, 2001), "random and isolated interference" with a prisoner's mail does "not violate his constitutional rights." *Johnson v. Wilkinson*, 2000 WL 1175519, at * 2 (6th Cir. Aug.11, 2000). *See also Dearing v. Mahalma*, 2011 WL 3739029, at *7 (S.D. Ohio Aug. 24, 2011). Although the incidents described by the plaintiff here undoubtedly were frustrating, the court finds they are random and isolated events that fail to rise to the level of a constitutional violation.

### IV.    Habeas Corpus Allegations

Although the plaintiff does not explicitly request a remedy in this case that would result in his release from custody (Docket No. 1 at p. 2), the plaintiff alleges that he was unjustly confined by the "State Government" and now is being unjustly confined by the "Federal Government." (Docket No. 4 at p. 1)("Although State Government dismissed charges on 8-1-12, the Federal Government has decided to take the case over . . . .").

The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief, *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable), as is the case here. Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*,

4

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

The plaintiff's claims concerning the validity of his continued confinement would be more appropriately brought in a petition for writ of *habeas corpus*, not in a civil rights complaint. Those claims will be dismissed without prejudice for that reason.

**V.      Conclusion**

For the reasons explained more fully above, the plaintiff's motion for appointment of counsel (Docket No. 3) will be denied. Further, the court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. Accordingly, the plaintiff's complaint as to all defendants will be dismissed.

An appropriate Order will be entered.

Kevin H. Sharp
United States District Judge